UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anna Sullivan,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Hartford Hospital, *et al.*,<br><br>　　　　　　Defendants. | Civil No. 3:24-cv-01675 (KAD)<br><br><br>November 25, 2024 |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND INITIAL REVIEW UNDER 28 U.S.C. § 1915**

**I.　　INTRODUCTION**

　　This is a lawsuit filed by the plaintiff, Anna Sullivan, proceeding *pro se*, against Hartford Hospital and fifty-three others, including other hospitals, government entities, corporations, celebrities, politicians, and business leaders. (Compl., ECF No. 1.) Ms. Sullivan evidently believes that these fifty-four entities are responsible for a "parasite" or "wormhole" in her head. (Exs. to Compl., ECF No. 1-1, at 3.) She seeks permission from the court to begin her lawsuit *in forma pauperis*, or "IFP." (ECF No. 2.)

　　When a plaintiff wishes to proceed IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines her complaint to determine whether, among other things, it "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). And in all cases – not just those that involve indigent *pro se* plaintiffs – the court must determine whether it has jurisdiction over the subject matter. If

1

the complaint is "frivolous" or "fails to state a claim," or if it fails to show that the court has jurisdiction, the court must dismiss the case. *Id.*

United States District Judge Kari A. Dooley referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries. (ECF No. 4.) I have thoroughly reviewed the complaint, the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, **I recommend that Judge Dooley deny the IFP motion** because Ms. Sullivan has not shown an inability to pay the filing fee. In the second step, **I recommend that Judge Dooley dismiss the complaint** because Ms. Sullivan has not invoked the court's jurisdiction, or, in the alternative, because Ms. Sullivan's complaint is frivolous. I further recommend that the dismissal be with prejudice to an amended complaint.

## II.   BACKGROUND

Ms. Sullivan's lawsuit arises out of her belief that fifty-four politicians, celebrities, and prominent corporations are responsible for a "parasite" or "wormhole" in her head. (Exs. to Compl., ECF No. 1-1, at 3, 11.) Her precise claims are difficult to discern; although she used the complaint form that the District of Connecticut provides to *pro se* litigants, she left nearly all of the form's spaces blank and instead attached a seemingly random assortment of documents and pictures. (Compl., ECF No. 1, at 3–4.) These include an "after visit summary" of an apparent visit to urgent care; eight photos of what appears to be a wounded scalp labeled with her name; and three pages of what the Court construes as a list of additional defendants. (Doc. No. 1-1.) The closest that her submission comes to attempting a claim is in some handwritten notes affixed to these documents. In the notes accompanying two of the photos, Ms. Sullivan appears to describe how some of the defendants use a "parasite" or "wormhole" in her head to spy on other people and how the government is hiding the truth about tumors, cysts, and other growths. (*Id.* at 3–4.) Within

the list of names, Ms. Sullivan states that the defendants have teamed up to traffic humans but also that she is owed money for the celebrity services that she provides. (*Id.* at 11–12.) She further states that the defendants "did not help [her] and did not accept [her] with this wormhole in [her] head," that there is a fake hospital system run by Ned Lamont, Kamala Harris, and Nancy Pelosi, and that the FBI "denied and rejected [her] when they know about this." (*Id.* at 13.)

### III.  THE FIRST INQUIRY – ENTITLEMENT TO IFP STATUS

Typically, when a plaintiff files a case in federal court, she must pay filing and administrative fees totaling $405.00. *See* 28 U.S.C. § 1914. A court may nonetheless "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (stating that litigants who qualify for IFP status "may commence a civil action without prepaying fees").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship[.]" *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether a plaintiff's financial circumstances meet these standards, courts may consider the financial resources of anyone who supports the plaintiff. *See, e.g., Fridman v.*

3

*City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the [c]ourt may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 6:16-cv-06428 (CJS), 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In her IFP affidavit, Ms. Sullivan appears to claim that she has no income and no cash on hand or in a bank account. (ECF No. 2, at 4.) She further claims that she has monthly obligations of $5,700, but that her bills are paid by Nathanael Sullivan at this time. (*Id.* at 3, 5.) Ms. Sullivan also states that she has one dependent, whose expenses are covered by family members. (*Id.* at 6.)

Because Ms. Sullivan states that she is supported financially by Nathanael Sullivan and other family members, the Court may consider their resources as well as hers in determining her ability to pay the filing fee. *See Fridman*, 195 F. Supp. 2d at 537. Ms. Sullivan's application, however, does not provide information about the financial resources of Nathanael Sullivan or any other person who may support her. Without that information, the Court cannot determine whether Ms. Sullivan is entitled to IFP status.

Because Ms. Sullivan's application does not provide information about the financial resources of the persons that support her, the Court cannot determine whether she is able to pay the filing fee.[1] *See, e.g., Rajkarnikar v. Stanley Black & Decker*, No. 3:21-cv-01356 (AWT), 2021

---

[1] The Court also notes that Ms. Sullivan left most of the spaces on the IFP form blank, including the space that asks about any previous cases that she has filed in federal court. (*Id.* at 5–6.) This omission leads the Court to be concerned that Ms. Sullivan has not completed her

WL 5039011, at *2 (D. Conn. Oct. 30, 2021) (citing *Bank of New York v. Consiglio*, No. 3:17-cv-01408 (CSH) (SALM), 2017 WL 9480197, at *2 (D. Conn. Oct. 2, 2017)), *report and recommendation adopted*, 2017 WL 4948069 (D. Conn. Nov. 1, 2017)).  For these reasons, I recommend that Judge Dooley deny Ms. Sullivan's motion for leave to proceed IFP.

## IV.     THE SECOND INQUIRY – 1915©(2)(B) REVIEW

Although Ms. Sullivan's IFP motion fails the first inquiry, I will nevertheless proceed to the second inquiry in the interest of judicial efficiency.  *See, e.g.*, *Franklin v. Chenango Cnty. Pub. Def. Office*, No. 3:18-cv-00865 (BKS) (DEP), 2018 WL 4288620, at *2 (N.D.N.Y. Sept. 7, 2018) (conducting 28 U.S.C. § 1915© analysis even though IFP motion denied).

### A.     General Principles of Review under 28 U.S.C. § 1915

The same statute that authorizes courts to allow a qualifying plaintiff to begin her lawsuit without paying the fee also directs courts to review that plaintiff's complaint to ensure she is not abusing the privilege of filing a free lawsuit.  As noted above, that review asks whether the plaintiff's complaint, among other things, "is frivolous."  28 U.S.C. § 1915©(2)(B).

A complaint is "frivolous" when it is entirely without a factual or legal basis.  As the Court of Appeals has explained, an "action is 'frivolous' for § 1915© purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'"  *Montero v.*

---

application with the "particularity, definiteness, and certainty" that the law requires. *Andrea P. v. Kijakazi*, No. 3:22-cv-00354 (SRU) (TOF), 2022 WL 1050326, at *1 (D. Conn. Mar. 14, 2022) (quoting *DiRubba v. DiRubba*, No. 3:22-cv-00181 (AVC) (TOF), slip op. at 7 (D. Conn. Mar. 8, 2022) and *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)).  The Court is aware of at least three cases that Ms. Sullivan filed in this District prior to filing this one.  *See Sullivan v. Lamont*, No. 3:24-cv-01003 (OAW) (filed July 22, 2024); *Sullivan v. Bezos*, No. 3:24-cv-01390 (KAD) (filed Aug. 29, 2024); *Sullivan v. Harris*, No. 3:24-cv-01578 (KAD) (filed Oct. 1, 2024). If Ms. Sullivan wishes to file lawsuits and IFP motions in this Court in the future, she is respectfully advised that she must fill out the IFP form completely and carefully, and that all of her statements must be true.

5

*Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327 (1989)). "Frivolous" complaints include those where the facts alleged are "clearly baseless—that is . . . they are fanciful, fantastic or delusional." *Gallop v. Cheney,* 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). When an IFP complaint is "frivolous," it is subject to dismissal. *See* 28 U.S.C. § 1915©(2)(B)(i); *Gallop*, 642 F.3d at 368.

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Ms. Sullivan. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. Of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

This liberality has limits, however – and one limit is that the court may not fill the gaps in a *pro se* plaintiff's complaint by imagining facts that she did not plead. Although courts "are obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports," they "cannot invent factual allegations that [she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### B. Subject Matter Jurisdiction

Before applying those principles to the complaint, the Court must first determine whether it has jurisdiction over Ms. Sullivan's claims. Federal courts are courts of "limited jurisdiction," meaning that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Leaving aside some others that are not relevant here, a federal court can typically adjudicate only three types of claims: (1) those that "aris[e] under the Constitution, laws, or treaties of the United States" – so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000 – "diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution" – "supplemental jurisdiction" under 28 U.S.C. 1367(a). If subject matter jurisdiction is lacking, the complaint must be dismissed, even if it was drafted by a *pro se* plaintiff. *See, e.g.*, *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *cf. Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (placing the burden of proving subject matter jurisdiction on the *pro se* plaintiff).

Even when viewed liberally, Ms. Sullivan's complaint does not describe a claim within the jurisdiction of this court. Ms. Sullivan alleges that she is a citizen of Connecticut, and that Defendant Hartford Hospital is also a citizen of Connecticut. (Compl., ECF No. 1, at 1.) The complaint also does not contain a demand for relief. Because (1) Ms. Sullivan and at least one of the defendants are citizens of Connecticut; and (2) Ms. Sullivan does not allege that the amount in controversy exceeds $75,000, she has not invoked the court's diversity jurisdiction.

Moreover, Ms. Sullivan's complaint does not describe a claim arising "under the Constitution, laws, or treaties of the United States." Indeed, Ms. Sullivan's complaint makes no

mention of the Constitution or any federal law and, even construing it liberally, the Court does not read the complaint to even suggest a legal claim. *See Phillips*, 408 F.3d at 130. It therefore fails to support "federal question" jurisdiction. And when neither federal question nor diversity jurisdiction has been shown to exist, there is no basis for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

Because Ms. Sullivan's complaint does not invoke the court's diversity, federal question, or supplemental jurisdiction, I recommend that Judge Dooley dismiss the complaint for lack of subject matter jurisdiction.

      **C.**      **Review of the Complaint for Frivolousness**

Although I recommend that Judge Dooley dismiss the complaint for lack of subject matter jurisdiction, I will nevertheless consider whether Ms. Sullivan's complaint is frivolous. *See Ishutkina v. Biden*, No. 3:20-cv-01656 (CSH), 2021 WL 6841431, at *5 (D. Conn. Mar. 1, 2021) (analyzing whether a complaint was frivolous after determining that the complaint must be dismissed for lack of subject matter jurisdiction).

Ms. Sullivan's complaint appears to be premised on her belief that she has a "wormhole" in her head and that the various defendants are either at fault for it or refuse to do anything about it. (Doc. No. 1-1, at 3–4, 11–13.) But a "[p]laintiff's beliefs – however strongly [she] may hold them – are not facts." *Morren v. New York Univ.*, No. 1:20-cv-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). As discussed, a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless—that is . . . they are fanciful, fantastic or delusional." *Gallop,* 642 F.3d at 368 (quoting *Denton*, 504 U.S. at 32–33). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of

the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Other courts in this circuit have dismissed claims with substantially similar allegations as factually frivolous. *See, e.g.*, *Richards v. Eddinger,* No. 3:23-cv-00158 (KAD), 2023 WL 11897990, at *2 (D. Conn. Mar. 13, 2023) (dismissing claims that defendants put a chip in plaintiff's brain and "traffick[ed] humans for their brain abilities"); *Currytto v. Perez*, No. 3:17-cv-02110 (MPS), 2018 WL 11462246, at *2 (D. Conn. Jan. 18, 2018) (dismissing claim that defendants inserted eavesdropping wire into plaintiff's heart); *Harris v. Sessions*, No. 1:18-cv-05245 (CM), 2018 WL 9596844, at *2 (S.D.N.Y. Aug. 3, 2018) (dismissing claim that doctor implanted FBI tracking device in plaintiff's leg).

Accordingly, even when reading Ms. Sullivan's complaint with the required liberality, the Court concludes that the complaint should be dismissed as frivolous. *See, e.g.*, *Sullivan v. Lamont*, 3:24-cv-01003 (VAB), ECF No. 10 (D. Conn. July 10, 2024) (dismissing as frivolous substantially similar claims brought by Ms. Sullivan); *Sullivan v. Bezos*, 3:24-cv-01390 (KAD), ECF No. 12 (D. Conn. Nov. 1, 2024) (accepting and adopting the Magistrate Judge's recommendation that the claims be dismissed for frivolousness).

### D.    Denial of Leave to Amend

Although a court typically permits *pro se* plaintiffs "leave to amend at least once," if repleading a claim would be futile, the court should not grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "Leave to amend may be futile where the factual allegations are clearly frivolous." *Richards*, 2023 WL 11897990, at *2. Because nothing in the complaint, even when construed liberally, "suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded," *Cuoco*, 222 F.3d at 112, I conclude that repleading would be futile. Other courts considering similar claims have denied leave to amend as futile. *See, e.g.*, *Harris*, 2018 WL 9596844, at *2 (concluding that "irrational" claims alleging implantation of FBI tracking device

9

in plaintiff's leg could not be cured by amendment); *Currytto*, 2018 WL 11462246, at *2 (dismissing device-implantation claims without leave to amend). Accordingly, I recommend that the complaint be dismissed without leave to amend.

## V.     CONCLUSION

For the foregoing reasons, I recommend that Judge Dooley deny Ms. Sullivan's IFP motion and dismiss her complaint for lack of subject matter jurisdiction or, in the alternative, because the complaint is frivolous. I further recommend that the complaint be dismissed with prejudice.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If the Plaintiff wishes to object to my recommendation, she must file that objection with the Clerk of the Court by December 16, 2024.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who, like Ms. Sullivan, will receive the recommendation from the Clerk of the Court via mail); Fed. R. Civ. P. 6(a)(1)(C) (stating that, if a due date falls on a weekend, the date is extended to "the end of the next day that is not a Saturday, Sunday, or legal holiday"). If she fails to file a timely objection, her failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                        */s/ Thomas O. Farrish*
                                        Hon. Thomas O. Farrish
                                        United States Magistrate Judge